**1.—Assault to Murder—Indictment—Allegation and Proof—No Variance Shown.**

Where the appellant was charged by indictment with shooting one A. W. Burch, with intent to murder, and the proof established that appellant shot at Burch, but did not hit him, there is no variance between the allegation and proof. The act of shooting at Burch, as alleged, includes the act of assaulting him as proved. Following Carr v. State, 41 Tex. 543, and Peterson v. State, 12 Tex. Crim. App. 650.

**2.—Same—Requested Charged—Properly Refused.**

Where, on a trial for an assault to murder, appellant requested a special charge embracing affirmatively the facts in evidence, and instructing the jury that if such facts produced in the mind of appellant such a degree of anger, rage, etc., that he could not be convicted of a higher grade of offense than manslaughter. This charge was properly refused. The vice, in this requested charge is, that it limited the facts, producing the condition of mind to the mind of appellant, and not to the mind of a person of ordinary temper. Following Hurst v. State, 40 Tex. Crim. Rep. 378.

Appeal from the District Court of Erath County.　Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of an assault to murder, penalty four years in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Erath County of assault with intent to murder, and his punishment assessed at four years in the penitentiary.

The indictment charges the appellant with an assault with intent to murder A. W. Burch "by then and there shooting the said A. W. Burch with a shotgun." Briefly stated, the record discloses that the appellant's bull had broken into the field of the prosecuting witness, Burch, and that Burch, in a conversation over the telephone, requested the appellant to get said bull and keep him out of his field. The appellant became offended at Burch's manner of speaking and his tone of voice, and when Burch, a short time thereafter, traveled through the premises of the appellant over a road sometimes used by the neighbors, the appellant told him to stay off his, appellant's, premises, which Burch agreed to do. On the following morning Burch and his grown son were seen by the appellant approaching appellant's premises over said road in an automobile. The appellant secured his shotgun and shot at Burch, the charge striking and shattering the wildshield of the car and driving glass into the face of the prosecuting witness. However, the prosecuting witness was not struck by any of the shot. The appellant and his brother then intercepted the prosecuting witness and his son and caused them to turn back and leave the premises. It was the contention of the state that the assault was without cause or provocation, and the appellant defended upon the ground that the prosecuting witness was a trespasser, and that immediately prior to the shooting the prosecuting witness and his son were reaching down in the car, and from their acts and the circumstances he, appellant, was of the opinion that they were preparing to shoot him, and that he shot in self-defense.

The appellant contends that the court erred in failing to sustain his contention to the effect that the indictment having alleged that the appellant shot the prosecuting witness, Burch, and the undisputed evidence being to the effect that he shot at but missed said prosecuting witness, same constituted such a variance between the allegation and the proof as to entitle appellant to a charge of acquittal, and that the court erred in submitting to the jury the law of assault to murder and aggravated assault. We are unable to agree with the appellant's con-

tention in this instance, and think the case of Carr v. State, 41 Tex. 543, opinion by Chief Justice Roberts, is against the appellant on this issue. The indictment in that case charged the appellant with having shot John Dickson with a pistol with intent to murder him, and the evidence showed that Carr shot at Dickson and missed him. Judge Roberts, in affirming the case, stated:

"Therefore the act of shooting Dickson, as alleged, includes the act of assaulting him, as proved." Also see Peterson v. State, 12 Tex. Crim. App. 650.

The appellant complains in bill of exception No. 3 of the refusal of the court to give in charge to the jury his special charge No. 2, which, in effect, combined all the facts in the case and instructed the jury that if same produced in the mind of the appellant such a degree of anger, rage, etc., that he could not be convicted of a higher offense than aggravated assault. The vice in this charge is that it limited the facts producing the passion and adequate cause to the mind of the appellant, instead of that of a person of ordinary temper, and there was no error in the court's refusal of same. Hurst v. State, 40 Tex. Crim. Rep. 378.

Finding no error in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.